Dear Mr. Hamaker:
You have requested an opinion of the Attorney General regarding the payment of car allowances to selected employees of the City of Monroe (City). The car allowances are paid on either a monthly or semi-monthly basis. The City does not require the employees to account for the use of the allowance, but rather reports the entire amount of same on the employees' annual Form W-2 as other taxable income.
You specifically ask whether this is permissible in light of Attorney General Opinion No. 92-857.
Opinion No. 92-857 addressed the issue of the payment of flat rate car allowances to members of the Plaquemines Parish Council. The compensation of the council members was established by the Parish Charter at no greater than one-third of the compensation, including any supplements thereto, payable monthly, received by a Judge of the 25th Judicial Court. As in the case at hand, council members were not required to submit documentation to substantiate their automobile expenses.
Therein, we concluded that, to the extent adequate documentation is submitted by the council member to evidence a true reimbursement of expenses, the subject allowance need not be reported as compensation or income. However, if the council member does not render an accounting for the travel expenses actually incurred, the payment is presumed to be compensation and taxes must be withheld.
Unlike the case at hand, the Plaquemines Parish Charter set a ceiling on the compensation to be paid to council members.
Assuming a council member's compensation has reached this ceiling, a car allowance against which no documented expenditures have been charged, would constitute a bonus and/or donation which is prohibited by Art. 7, Sec. 14 of the Louisiana Constitution of 1974. This is distinguishable from the case at hand.
As previously stated, we have before us car allowances granted to these select employees of the City of Monroe. The amount of compensation payable to these employees is not limited as in the case of the council members in Plaquemines Parish. The undocumented car allowance is reported by the City on the employees' annual Form W-2 as additional taxable income. This constitutes a part of the employment agreement between the City and the affected employees. Since the car allowance can be considered a legitimate additional compensation of the employee, it does not constitute a prohibited bonus and/or donation of public funds and, thus, is not in violation of the Louisiana Constitution.
Parenthetically, it should be noted that, from an audit and/or accounting standpoint, the "car allowance" should be reflected as such on the financial records of the City.
Trusting this adequately responds to your question, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb 0332R